IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAZIM KHAN and JAIBUL NISHA,<br><br>                    Plaintiff,<br><br>          v.<br><br>GMAC MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GMAC MORTGAGE, LLC F/K/A GMAC MORTGAGE CORP., A LIMITED LIABILITY COMPANY; EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC AND; DOES 1 through 10, inclusive,<br><br>                    Defendants.<br>_____ | 2:10-cv-00900-GEB-JFM<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE |

    Defendants GMAC Mortgage, LLC; Mortgage Electronic Registration Systems, Inc.; and Executive Trustee Services, LLC dba ETS Services, LLC ("Defendants") move for dismissal of Plaintiffs' complaint under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiffs failed to allege sufficient facts to state viable claims. Defendants also move to strike Plaintiffs' punitive damages claim and request for attorneys' fees under Federal Rule of Civil Procedure 12(f). For the reasons stated below, Defendants' motion to dismiss is GRANTED AND DENIED IN PART and their motion to strike is DENIED.

    Plaintiffs did not file an Opposition or Notice of Opposition in response to either motion as required by Local Rule 230(c).

1  Plaintiffs are cautioned that failing to comply with the Local Rules can
2  subject them to sanctions. L.R. 110.

## I. LEGAL STANDARD

A Rule 12(b)(6) dismissal motion tests the legal sufficiency of the claims alleged in the complaint. Novarro v. Black, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The complaint must "give the defendant fair notice of what the [plaintiff's] claim is and the grounds upon which relief rests . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Dismissal of a claim under Rule 12(b)(6) is appropriate only where the complaint either 1) lacks a cognizable legal theory, or 2) lacks factual allegations sufficient to support a cognizable legal theory. Balistreri v. Pacific Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). To avoid dismissal, the plaintiff must allege "only enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 547.

In deciding a Rule 12(b)(6) motion, the material allegations of the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. See al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009). However, neither conclusory statements nor legal conclusions are entitled to a presumption of truth. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009); Twombly, 550 U.S. at 555.

If a Rule 12(b)(6) motion is granted, the "district court should grant leave to amend even if no request to amend the pleadings is made, unless it determines that the pleading could not possibly be cured

2

by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000)(quoting Doe v. U.S., 58 F.3d 484, 497 (9th Cir. 1995)).

Defendants' motions include a request that the Court take judicial notice of three documents recorded with the Sacramento County Recorder: a Grant Deed recorded on March 14, 2008; a Deed of Trust recorded on March 14, 2008; and a Notice of Default and Election to Sell recorded on November 24, 2009. (Defs.' Req. for Judicial Notice ("RJN") Exs. 1-3.)

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (quotations and citation omitted). However, a court may consider matters properly subject to judicial notice. Swartz v. KPMG LLP, 476 F.3d 756, 763 (9th Cir. 2007). A matter may be judicially noticed if it is either "generally known within the territorial jurisdiction of the trial court" or "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Since the three identified documents are publically recorded, they are capable of accurate determination and may be judicially noticed. See W. Fed. Sav. & Loan Ass'n v. Heflin Corp., 797 F. Supp. 790, 792 (1992)(taking judicial notice of documents in a county's public record, including deeds of trust). Therefore, Defendants' request that these documents be judicially noticed is granted.

### III. BACKGROUND

On or about March 7, 2008, Plaintiffs obtained a purchase money loan from Defendant GMAC Mortgage, LLC ("GMAC"), which was secured by their home, located at 9820 Spring View Way, Elk Grove, California. (Compl. ¶¶ 1, 7, RJN, Ex. 1.)

1  The relevant Deed of Trust identifies Defendant Executive Trustee Services, LLC ("ETS") as the trustee and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") as a nominee for the lender and the lender's successors and assigns. (RJN, Ex. 1.)

Plaintiffs' claims stem from their allegations that Defendants did not explain the loan's interest rate or its volatility, charged improper fees for the loan's placement, and improperly initiated foreclosure proceedings on their home. (Compl. ¶¶ 10, 11, 17.)

**IV. DISCUSSION**

Plaintiffs' complaint alleges eleven claims against Defendants under federal and state law.

**1.   Motion to Dismiss**

**A.   Truth in Lending Act Claims**

Defendants argue Plaintiffs' damage and rescission claims alleged under the Truth in Lending Act ("TILA") should be dismissed without leave to amend. Specifically, Defendants contend Plaintiffs' TILA damages claim is barred by the applicable one-year statute of limitations, and the loan at issue is a "purchase money loan," which is exempt from TILA's rescission relief. (Def.'s Mot. to Dismiss ("Mot.") 3:14-15, 3:21-22.) Defendants further argue Plaintiffs did not allege their ability to tender or reinstate the subject loan transactions, which Defendants' contend is necessary to state a TILA rescission claim. (Mot. 4:3-4.)

**(i)   TILA Damages Claim**

An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e). "[A]s a general rule[, this] limitations period starts [to run] at the consummation of the

4

transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). "Consummation" is defined under the statute as "the time that a consumer becomes contractually obligated on a credit transaction." Grimes v. New Century Mortgage Corp., 340 F.3d 1007, 1009 (9th Cir. 2003)(quoting 12 C.F.R. § 226.2(a)(13)).

Plaintiffs became "contractually obligated on a credit transaction" in March of 2008, when they executed the "Fixed Note." (Compl. ¶ 7.) Therefore, the statute of limitations for bringing their TILA damages claim expired in March of 2009. Since Plaintiffs have not provided a basis for concluding that equitable tolling applies to this claim, Plaintiffs' TILA damages claim is dismissed with prejudice.

### (ii) TILA Rescission Claim

"Residential mortgage transactions" are exempt from the right to rescission under TILA, and are defined as "a transaction in which a mortgage... is created or retained against the consumer's dwelling to finance the acquisition or initial construction of the dwelling." 15 U.S.C. §§ 1635(e)(1), 1602(w).

Based upon Plaintiffs' allegations and the applicable Grant Deed, it is evident the loan at issue was a purchase money loan for their residence. (Compl. 1, 7; RJN, Ex. 1.) See Garavito v. GE Money Bank, No. 08-cv-2215-H, 2010 WL 744284 (S.D. Cal. March 2, 2010)(holding relevant grant deed, rate note and deed of trust demonstrated plaintiff's loan was a purchase money loan, which is exempt from TILA's rescission provision). Therefore, Plaintiff's TILA rescission claim is dismissed with prejudice.

### B. Real Estate Settlement Procedures Act

Defendants seek dismissal of Plaintiffs' second claim in which Plaintiffs allege "violation of 26 U.S.C. § 2605," arguing this

statutory section does not exist, therefore, "it is unclear the statute to which [Plaintiffs'] refer in their second cause of action." (Mot. 5:3-5.) Defendants also argue to the extent Plaintiffs intended to state a Real Estate Settlement Procedures Act ("RESPA") claim, Plaintiffs' allegations are ambiguous, a section 2607 claim is time-barred, and section 2605(b) does not apply because Plaintiffs do not allege any Defendant is a loan "servicer." (Mot. 5:18-19, 5:20-21, 6:5-10.)

Section 2605(b) of RESPA requires "servicers" of certain loans to "notify the borrower in writing of any assignment, sale or transfer of the servicing of the loan to any other person." 12 U.S.C. § 2605(b)(1). Excluding certain specific entities, "servicer" is defined as "the person responsible for servicing a loan (including the person who makes or holds a loan if such person also services the loan.)" 12 U.S.C. § 2605(i)(2).

Plaintiffs allege in support of their second claim for a "Violation of 26 U.S.C. § 2605":

> Defendants... are such that they fall within the requirements of the Real Estate Settlement Procedures Act (RESPA). [¶] Defendants... placed loans for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned. [¶] Defendants "MERS" and DOE 1... as "Servicers" as that term is used with the RESPA Act... violated the requirements of 26 U.S.C. § 2605(B) in that the servicing contract or duties have under [sic] were transferred or hypothecated without the required notice.

(Compl. ¶¶ 27-29.)

Although 26 U.S.C. § 2605 is a nonexistent statute, 12 U.S.C. § 2605 is a section of RESPA, and Plaintiffs allege in this claim that Defendants are covered by RESPA. Plaintiffs further allege Defendant

1  MERS and DOE 1, are "servicers" as defined under RESPA, and transferred
2  the loan without providing the required disclosures to Plaintiffs.
3  (Compl. ¶ 29.) Therefore, Defendants' motion to dismiss this section
4  2605 RESPA claim against Defendant MERS is denied. However, since
5  Plaintiffs do not allege any other named Defendant is a loan "servicer,"
6  Defendants' motion is granted as to Defendants GMAC and ETS.

   C.   **Home Ownership & Equity Protection Act**

        Defendants seek dismissal of Plaintiffs' Home Ownership and
Equity Protection Act ("HOEPA") claim arguing the subject loan is a
purchase money loan which is excluded from HOEPA's coverage, and the
claim is barred by the applicable statute of limitations. (Mot. 7:11-
12, 7:15-16.)

        "Residential mortgage transactions," as defined under the
Truth in Lending Act, are expressly exempted from HOEPA. 15 U.S.C.
1602(aa)(1); see Gomez v. Wachovia Mortgage Corp., No. CV-09-02111 SBA,
2010 WL 291817, *4 (N.D. Cal. Jan. 19, 2010)(citing Llaban v. Carrington
Mortgage Services, LLC, No. 3:09-cv-01667-H-POR, 2009 WL 2870154 (S.D.
Cal. Sept. 3, 2009)). The subject loan is a "residential mortgage
transaction."  Therefore, Defendants' motion to dismiss Plaintiffs'
HOEPA claim is granted, and this claim is dismissed with prejudice.

   D.   **Fair Debt Collection Practices Act**

        Defendants seek dismissal of Plaintiffs' Fair Debt Collection
Practices Act ("FDCPA") claim, arguing in relevant part, Plaintiffs'
allegations are vague and conclusory, and Defendants are not "debt
collectors" as defined by the act. (Mot. 8:18-19, 9:4-5.)

        "To be liable for a violation of the FDCPA... the defendant
must-as a threshold requirement-be a 'debt collector' within the meaning
of the [Act]." Angulo v. Countrywide Home Loans, Inc., No. 1:09-cv-877-

AWI-SMS, 2009 WL 3427179, at *5 (E.D. Cal. Oct. 26, 2009)(quoting Putkkuri v. Reconstruct Co., 2009 WL 32567, at *7 (S.D. Cal. Jan.5, 2009)). The FDCPA defines "debt collector" as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed [to] ... another." 15 U.S.C. § 1692a(6). "Debt collector" does not include persons who collect debt "to the extent such activity... (ii) concerns a debt which was originated by such person; or (iii) concerns a debt which was not in default at the time it was obtained by such person..." 15 U.S.C. § 1692a(6)(F). "FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" Larkin v. Select Portfolio Servicing, Inc., No. 1:09-cv-01280-OWW-DLB, 2009 WL 3416137, at *3 (E.D. Cal. Oct. 21, 2009) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)).

Plaintiffs allege in support of their FDCPA claim that "Defendants... [MERS and ETS]... are 'debt collectors'... as that term is used in the United States Code." (Compl. ¶ 39.) However, this allegation is conclusory. See Angulo, 2009 WL 3427179, at *5. Moreover, the applicable Deed of Trust and other allegations in the Complaint indicate otherwise. For example, the Deed of Trust identifies Defendant GMAC as the original lender, Defendant ETS as the trustee, and Defendant MERS as the lender's nominee. (RJN, Ex. 1; see also Compl. ¶¶ 3, 13.) Plaintiffs also allege Defendant GMAC transferred the loan to Defendant MERS. (Compl. ¶ 12.) Therefore, Plaintiffs allegations are insufficient to support their claim that Defendants are "debt collectors," and this claim is dismissed.

1  **E. Breach of Fiduciary Duty**

2  Defendants seek dismissal of Plaintiffs' breach of fiduciary duty claim, arguing Plaintiffs do not allege the necessary existence of a fiduciary relationship with Defendants. (Mot. 10:11-13.)

In California, to state a claim for breach of fiduciary duty, a plaintiff must allege: (1) the existence of a fiduciary relationship; (2) the breach of that relationship; and (3) damage proximately caused thereby. Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003).

As a general rule, "a loan transaction is [an] at arms-length [transaction] and there is no fiduciary relationship between the borrower and lender." Oaks Mgmt. Corp. v. Superior Court, 145 Cal. App. 4th 453, 466 (2006). Courts have similarly held that loan servicers typically do not have a fiduciary relationship with borrowers. See Linder v. Aurora Loan Servicing, LLC, No. 2:09-cv-03490-JAM-KJM, 2010 WL 1525399, at *5 (E.D. Cal. April 15, 2010); and Moreno v. Citibank, N.A., No. C-09-5339 CW, 2010 WL 103822, at *3 (N.D. Cal. March 19, 2010).

Plaintiffs allege the following conclusory allegations in support of their fiduciary duty claim,

> Defendants... created, accepted and acted in a fiduciary relationship of great trust and acted for and were the processors of property for the benefit of Plaintiff.[¶] Defendants... further placed themselves in a position of great trust by virtue of the expertise represented by and through their employees.

(Compl. ¶¶ 44-45.) These allegations are insufficient to show the existence of a fiduciary relationship between Plaintiffs and Defendants. Therefore, Plaintiffs' breach of fiduciary duty claim is dismissed.

///
///
///

9

**F. Breach of Covenant of Good Faith & Fair Dealing**

Defendants seek dismissal of Plaintiffs' breach of the covenant of good faith and fair dealing claim, arguing Plaintiffs have not alleged the existence of a contract with any Defendant, and tort damages are not available outside of an insurance context. (Mot. 10:21-22, 11:19-22.)

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Comunale v. Traders & General Ins. Co., 50 Cal.2d 654, 658 (1958). The implied covenant "rests upon the existence of some specific contractual obligation. [It] is read into contracts in order to protect the express covenants or promises of the contract, not to protect some general public policy interest not directly tied to the contract's purpose." Racine Laramie, Ltd. v. Dept. of Parks & Recreation, 11 Cal.App.4th 1026, 1031 (1992).

Since the implied covenant is based in contract, compensation for its breach is almost always limited to contractual remedies. Foley v. Interactive Data Corp., 47 Cal.3d 654, 684 (1988). Tort remedies are only available when "the parties are in a 'special relationship' with 'fiduciary characteristics.'" Pension Trust Fund v. Federal Ins. Co., 307 F.3d 944, 955 (9th Cir. 2002)(applying California law)(citing Mitsui Mfrs. Bank v. Superior Court, 212 Cal. App. 3d 726, 730 (1989)).

Here, Plaintiffs do not allege the existence of a contract or a special relationship between the parties. Therefore, Plaintiffs' breach of the implied covenant of good faith and fair dealing claim is dismissed.

///

### G. Injunctive Relief

Defendants also seek dismissal of Plaintiffs' seventh and eight causes of action for injunctive relief, arguing injunctive relief is a remedy, not a substantive claim. (Mot. 12:9-14.) Plaintiffs seek in their seventh claim an order "that Plaintiffs are not required to make any further payments on the Fixed Rate Note," and that enjoins "any further collection activity on the Note...." (Compl. ¶ 66.) Plaintiffs' seek in their eighth claim an order enjoining the impending foreclosure and sale of Plaintiffs' home. (Compl. ¶¶ 73-75.)

Under both federal and state law, an injunction is a remedy, not a claim in and of itself. See Curtis v. Option One Mortg. Corp., No. 109-cv-1608 AWI SMS, 2010 WL 599816, at *13 (E.D. Cal. Feb. 18, 2010)(citing Washington Toxics Coalition v. Environmental Protection Agency, 413 F.3d 1024, 1034 (9th Cir. 2005) and Shamsian v. Atlantic Richfield Co., 107 Cal.App.4th 967, 985 (2003)). Therefore, Plaintiffs' purported "causes of action" for injunctive relief are dismissed.

### H. Declaratory Relief

Defendants seek dismissal of Plaintiffs' declaratory relief claim, arguing no actual case or controversy exists that entitles Plaintiffs to declaratory relief, and the claim is "derivative of their other causes of action," which do not state valid claims. (Mot. 13:14-18.)

"Declaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Guerra v. Sutton, 783 F.2d 1371, 1376 (9th Cir. 1986). "[T]he existence of another adequate remedy does not preclude a declaratory judgment that

11

is otherwise appropriate," however, "the availability of other adequate remedies may make declaratory relief inappropriate." Further, "a federal court may decline to address a claim for declaratory relief" where the substantive claims "would resolve the issues raised by the declaratory judgment action...." Fimbres v. Chapel Mortg. Corp., No. 09-cv-0886-IEG, 2009 WL 416332, at *5 (S.D. Cal. Nov. 20, 2009)(internal quotations and citations omitted)); see also StreamCast Networks, Inc. v. IBIS LLC, No. CV 05-04239 MMM, 2006 WL 5720345, at *3-4 (C.D. Cal. May 2, 2006).

Here, Plaintiffs seek a declaratory judgment concerning "the [parties'] ownership rights and the validity of the commencement of the foreclosure process," and "the rights and duties of the parties herein." (Compl. ¶¶ 79, 81.) Since Plaintiffs' allegations do not suggest a declaratory judgment will entitle them to any relief beyond that requested in their other claims, Defendants' motion to dismiss Plaintiffs' declaratory relief claim is granted.

**I. Fraud**

Defendants seek dismissal of Plaintiffs' tenth and eleventh "causes of action," which both allege a fraud claim, arguing Plaintiffs' allegations do not satisfy the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b)("Rule 9(b)"). (Mot. 15:3-4, 15:14-15.)

Under California law, the elements of a fraud claim are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. Engalla v. Permanente Medical Group, Inc., 15 Cal.4th 951, 974 (1997).

A claim for fraud in federal court must satisfy Rule 9(b)'s heightened pleading requirements. See Vess v. Ciba-Geigy Corp., 317 F.3d 1097, 1103 (9th Cir. 2003). This rule provides that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The required specificity includes the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007)(quoting Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004)). Further, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." Lane v. Vitek Real Estate Industries Group, No. 2:10-335-WBS GGH, 2010 WL 1956707, at *8 (E.D. Cal. May 13, 2010)(internal quotations and citations omitted).

Plaintiffs' tenth fraud claim includes the following allegations:

> Defendants [GMAC and ETS]... made a representation to Plaintiffs that [MERS] had the rights and standing of a beneficiary or [sic] Mortgage under California law. [¶] This statement was made on the Mortgage and presented to Plaintiffs at the office of the Title Company in [Sacramento County]. [¶] When [Defendants]... made the representation that [MERS] was the Mortgagee under the Mortgage, they both knew that the statement was false when made.

(Compl. ¶¶ 89-91.) Plaintiffs further allege the representation was made "to have Plaintiffs rely on [it]," and Plaintiffs "did actually rely on [it]." (Id., ¶ 92.)

Plaintiff's eleventh fraud claim includes the following allegations:

> Defendant [MERS] caused to be executed a 'Notice of Mortgagee's Intent to Foreclose' which stated that the payments were due to [MERS] as lender. [¶] This

13

> representation was implied by these defendants in order to induce reliance by Plaintiffs. [¶] Plaintiffs did rely on these representations....[¶] [and] the implied representation... was a false representation....

(Compl. ¶¶ 97-99.)

Plaintiffs' fraud allegations are conclusory and do not provide the specificity required by Rule 9(b). Many of Plaintiffs' allegations do not differentiate between Defendants. Further, the allegations do not provide sufficient detail concerning the time, date, and place of the alleged misrepresentations or the identity of who made them. Therefore, Plaintiffs' tenth and eleventh fraud claims are dismissed.

**2.   Motion to Strike**

Defendants seek an order under Federal Rule of Civil Procedure 12(f) striking Plaintiffs' punitive damages claim and request for attorneys' fees, arguing this relief "is not recoverable as a matter of law." (Def.s' Mot. to Strike, 4:2-6, 5:10.)  Defendants rely solely upon California cases, which discuss the state pleading standards, as support for their motion.

The Federal Rules of Civil Procedure govern the sufficiency of a pleading in federal actions, even as to state law claims. See Clark v. Allstate Ins. Co., 106 F.Supp.2d 1016, 1018 (S.D. Cal. 2000)(citing Hanna v. Plumer, 380 U.S. 460, 471 (1965)).

> Since the Supreme Court's decision in Hanna v. Plumer, it no longer can be doubted that the rules regarding the standard of specificity to be applied to federal pleadings... [and] the special requirements for pleading certain matters... are all governed by the federal rules and not by the practice of the courts in the state in which the federal court happens to be sitting.

5 Wright & Miller, Federal Practice and Procedure, § 1204 (3rd ed. 2004).

Since Defendants have not shown their Motion to Strike should be granted, it is denied.

### IV. CONCLUSION

For the stated reasons, Defendants' motion to dismiss is granted in part and denied in part. Defendants' motion to strike is denied. Plaintiffs are granted leave to amend any claim that has not been dismissed with prejudice. Any amended pleading shall be filed within ten (10) days of the date on which this order is filed.

Dated:  June 29, 2010

GARLAND E. BURRELL, JR.
United States District Judge