IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAZIM KHAN and JAIBUL NISHA,<br><br>                    Plaintiffs,<br><br>          v.<br><br>GMAC MORTGAGE, LLC; MORTGAGE<br>ELECTRONIC REGISTRATION SYSTEMS,<br>INC., AS NOMINEE FOR GMAC<br>MORTGAGE, LLC F/K/A GMAC<br>MORTGAGE CORP., A LIMITED<br>LIABILITY COMPANY; EXECUTIVE<br>TRUSTEE SERVICES, LLC dba ETS<br>SERVICES, LLC AND; DOES 1<br>through 10, inclusive,<br><br>                    Defendants.<br>_____ | 2:10-cv-00900-GEB-JFM<br><br>ORDER TO SHOW CAUSE AND<br>CONTINUING STATUS (PRETRIAL<br>SCHEDULING) CONFERENCE |

        The April 15, 2010, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case for August 9, 2010, and required the parties to file a joint status report no later than fourteen days prior to the status conference. The Order further required a status report be filed regardless of whether a joint report could be procured.  No status report was filed.

        Therefore, the parties are Ordered to Show Cause ("OSC") in a writing to be filed no later than 4:00 p.m. on October 18, 2010, why sanctions should not be imposed against them and/or their counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report.  The parties shall also state in the written

response whether the parties or counsel are at fault, and whether a hearing is requested on the OSC.[1] If a hearing is requested, it will be held on November 1, 2010, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date. A joint status report shall be filed no later than fourteen days prior to the status conference.[2]

IT IS SO ORDERED.

Dated:   July 30, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1]   "If the fault lies with the attorney, that is where the impact of sanction should be lodged.  If the fault lies with the clients, that is where the impact of the sanction should be lodged."  Matter of Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985).  Sometimes the faults of attorneys, and their consequences, are visited upon clients.  In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

[2]   The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order.  In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.