IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAZIM KHAN and JAIBUL NISHA,<br><br>        Plaintiff,<br><br>    v.<br><br>GMAC MORTGAGE, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR GMAC MORTGAGE, LLC F/K/A GMAC MORTGAGE CORP., A LIMITED LIABILITY COMPANY; EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES, LLC AND; DOES 1 through 10, inclusive,<br><br>        Defendants. | 2:10-cv-00900-GEB-JFM<br><br>ORDER DISMISSING FEDERAL CLAIM WITH PREJUDICE AND REMANDING STATE CLAIMS TO STATE COURT |

        An Order to Show Cause ("OSC") issued on July 30, 2010, directing all parties to explain why sanctions should not be imposed because of their failure to file a timely status report in a writing to be filed no later than 4:00 p.m. on October 18, 2010. (ECF No. 17.) Since the parties failed to file a joint status report, the August 9, 2010 status conference was continued to November 1, 2010, and the parties were required to file a joint status report no later than fourteen (14) days prior to the November 1, 2010 status conference. Id. The parties failed to respond to the July 30, 2010 OSC, and again failed to file a joint status report as required.

        Review of the docket shows this action was removed based on federal question and supplemental jurisdiction. Subsequent to removal,

1

Defendants filed a dismissal motion. (ECF No. 9.) Plaintiffs failed to file an opposition or statement of non-opposition to Defendants' dismissal motion as required by Local Rule 230(c). The dismissal motion was granted in an order filed on June 30, 2010. (ECF No. 16.) That order dismissed with prejudice three of Plaintiffs' federal claims, and dismissed without prejudice Plaintiffs' remaining federal claim alleged under the Fair Debt Collection Practices Act ("FDCPA"). Id. The order also dismissed several of Plaintiffs' state claims without prejudice. Id. Further, the order granted Plaintiffs ten days leave to amend the claims dismissed without prejudice. Id. Plaintiffs have not filed an amended complaint, and have disregarded an OSC, two court orders, and a local rule.

These failures have prompted the court to evaluate further whether the dismissal of Plaintiffs' FDCPA claim should be with prejudice under Federal Rule of Civil Procedure ("Rule") 41(b). When deciding whether to dismiss a claim with prejudice under Rule 41 (b) "the court weighs five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re George, 322 F.3d 586, 591 (9th Cir. 2003) (citing Al-Torki v. Kaempen, 78 F.3d 1381, 1384 (9th Cir. 1996)). Plaintiffs' FDCPA claim is dismissed with prejudice under Rule 41(b) for the following reasons: Plaintiffs failed to amend this claim even though they were given the opportunity to amend; judicial resources have been needlessly consumed by this case pending idly on the court's docket; Plaintiffs indicated they have no interest in prosecuting this claim by their failure to oppose Defendants' dismissal motion;

1  Plaintiffs have disregarded the court's case management authority by
2  failing to file two status reports; and, the threat of sanctions does
3  not appear to motivate Plaintiffs to file a status report since
4  Plaintiffs failed to respond to an OSC concerning this failure.
5          Therefore, judgment shall be entered in favor of Defendants on
6  Plaintiffs' federal claims.
7          Lastly, the court will not continue exercising supplemental
8  jurisdiction over Plaintiffs' state claims and this case is remanded to
9  the Superior Court of the State of California in the County of
10 Sacramento from which it was removed.
11         IT IS SO ORDERED.
12 Dated:  October 21, 2010

                         _____
                         GARLAND E. BURRELL, JR.
                         United States District Judge